Melissa JENNINGS, Plaintiff,

v.

**UNIVERSITY OF NORTH CAROLINA AT CHAPEL HILL, et al. Defendant.**

No. 1:99CV400.

United States District Court, M.D. North Carolina.

Oct. 27, 2004.

---

Marvin Schiller, Raleigh, NC, Louis Anthony Varchetto, Ray Hunter Rittenhouse, Marcelline Defalco, Mulherin Rehfeldt & Varchetto, P.C., Wheaton, IL, David Garrett Schiller, Schiller & Schiller, PLLC, Raleigh, NC, Daniel F. Konicek, Thomas W. Dillon, Jeffrey T. Mitchell, Konicek & Dillon, P.C., Geneva, IL, for plaintiff.

Thomas J. Ziko, Raleigh, NC, Frederic J. Artwick, Sidley & Austin, Chicago, IL, Sylvia Hargett Thibaut, Special Deputy Attorney General, Celia Grasty Lata, Special Deputy Atty. Gen., Chapel Hill, NC, for defendant.

## MEMORANDUM OPINION

TILLEY, Chief Judge.

This suit arises out of a complaint filed August 25, 1998, by Plaintiff Melissa Jennings[1] alleging, among other claims, that she was sexually harassed by two of the Defendants while she was a player on the University of North Carolina women's varsity soccer team. On April 20, 2004, Defendants filed contemporaneously with their Motion for Summary Judgment,[2] a Motion to Submit Evidence Under Seal the Affidavit of David C. Lanier, and Depositions of Melissa Jennings, Craig Jennings, Martha Jennings, Debbie Keller, Ronald Keller, and Judith Keller [Doc. # 117]. On September 27, 2004, in accordance with this Court's instructions, Defendants filed a Memorandum in Support of their Motion to Submit Evidence Under Seal [Doc. # 155]. For the reasons stated below, the Motion to Submit Evidence Under Seal will be DENIED.

### I.

The facts of this case relevant to this motion are as follows. Ms. Jennings was a student soccer player for the University of North Carolina at Chapel Hill ("the University") women's soccer team, coached by Defendant Anson Dorrance from Aug. '96–May '98. On August 25, 1998, Ms. Jennings and another former player filed suit against the University and several University employees. The claims that remain in that suit are a Title IX claim against the University; a common law invasion of privacy claim against Dorrance; and 42 U.S.C. § 1983 claims for damages against Dorrance and William Palladino in their individual capacities for sexual harassment, against Dorrance in his individual capacity for invasion of privacy, and against Susan Ehringhaus, John Swofford, Richard Baddour, Clara Elizabeth Miller, and the estate of Michael Hooker in their individual capacities for failure to supervise Dorrance and Palladino and prevent the alleged violations of Ms. Jennings' rights.

In support of their Motion for Summary Judgment, Defendants filed the complete depositions of Ms. Jennings and her parents, Craig and Martha Jennings, and of former plaintiff Deborah Keller Hill and her parents, Ronald and Judith Keller. Defendants also filed the affidavit of David Lanier, University Registrar, attached to which is Ms. Jennings' final official academic transcript. Defendants at that time also filed a separate motion that those

---

1. Former plaintiff Deborah Keller Hill is no longer a party to this suit.

2. Defendants' Motion for Summary Judgment and other motions currently pending before the Court in this case are not addressed in this Opinion.

depositions and Mr. Lanier's affidavit be submitted under seal. It is that motion that is addressed here.

Defendants assert that the depositions contain "alleged comments made to, by or about female college students other than Jennings and former plaintiff, Debbie Keller, about their private lives or bodies," that these students' identities are not relevant to the case, and that the comments could be embarrassing to the other former students if made part of the record. (Defs.' Mem. in Supp. of Mot. to Submit Evid. Under Seal at 1.) As to Mr. Lanier's affidavit, Defendants argue that although Ms. Jennings' academic performance from August 1996 to May 1998 is relevant to the case, her overall academic performance is private and not relevant.

Ms. Jennings has elected to take no position regarding the motion to seal.

## II.

■ A party moving to seal documents filed in support of a motion for summary judgment in a civil case bears a heavy burden. The public has a right of access to judicial proceedings that stems from two sources: the common law and the First Amendment. *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir.1988); *see also Press–Enterprise Co. v. Superior Court of Cal.*, 464 U.S. 501, 508–09, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984) (discussing the importance of an open trial as a means of both ensuring and giving the appearance of fairness in the judicial process). The more rigorous First Amendment standard applies to documents filed in connection with a summary judgment motion in a civil case. *Rushford*, 846 F.2d at 253. Under this standard, "denial of access must be necessitated by a compelling government interest and narrowly tailored to serve that interest." *Id.; see also Press–Enterprise Co.*, 464 U.S. at 509, 104 S.Ct. 819 ("The pre-

sumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest."); *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 606–07, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982) ("[I]t must be shown that the denial is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest."). A district court must establish that sealing a document submitted in connection with a dispositive motion not only "serves an important governmental interest" but also that "there is no less restrictive way to serve that governmental interest." *Rushford*, 846 F.2d at 253.

■ In accordance with this strict standard, there are certain procedural "prerequisites to a closure order" that a court must observe. *In re Washington Post Co.*, 807 F.2d 383, 390 (4th Cir.1986). First, the public must be given adequate notice that documents may be sealed. Second, interested persons must have an opportunity to object to the closure before a decision is made. Third, if the court seals documents, it must give its reasons for doing so and the specific findings that support the closure. Fourth, the court must explain why it rejected alternatives to closure. *Rushford*, 846 F.2d at 253–54.

### A.

Defendants claim that Ms. Jennings has a privacy interest in her transcript significant enough that Mr. Lanier's affidavit should be sealed. They argue that the existence of the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g (2004), elevates her privacy interest to the level of a compelling governmental interest. FERPA prohibits institutions that receive federal funding from releasing a student's educational records without written parental consent. § 1232g(b)(1). An exception to FERPA

arises, however, when a student initiates legal action against the institution. Dep't of Educ. Family Educ. Rights and Privacy, 34 C.F.R. 99.31(a)(9)(iii)(B) (2004). In that event, the institution may disclose the student's records that are relevant to its defense without obtaining consent. *Id.*

Federal legislation like FERPA may be relevant to a court's determination of whether there is a compelling governmental interest, but alone it is not prima facie evidence of a compelling interest. *In re Washington Post Co.*, 807 F.2d at 393 ("The district court may not simply assume that Congress has struck the correct constitutional balance."). The Fourth Circuit in *Rosenfeld v. Montgomery County Public Schools*, 25 Fed. Appx. 123, 132 (4th Cir.2001), encouraged a district court to "consider" FERPA in making a determination about whether to seal plaintiffs' educational records. However, the court stopped short of saying that FERPA necessitated finding a compelling governmental interest in sealing the records. Therefore, in light of *In re Washington Post Co.* and *Rosenfeld*, a district court should consider federal legislation as evidence of a compelling governmental interest, but its analysis should not begin and end with the legislation. Furthermore, regardless of the presence of legislation, existence of a compelling governmental interest depends in part upon the actions of the individual whose rights would be affected. In *Press–Enterprise Co.*, the Supreme Court stated that individuals whose privacy rights may be affected by sealing should make an "affirmative request" for closure so that "the trial judge can ensure that there is in fact a valid basis for a belief that disclosure infringes a significant interest." 464 U.S. at 512, 104 S.Ct. 819.

■ Even when FERPA is taken into account in this case, Defendants have not shown that there is a compelling governmental interest for sealing Mr. Lanier's affidavit. While FERPA may show that Congress has recognized a student's interest in the privacy of her educational records, the legal action exception contained in the regulations limits that interest. *See* 34 C.F.R. 99.31(a)(9)(iii)(B). At least part of Ms. Jennings' academic transcript fits that exception. Ms. Jennings' performance from fall 1996 to spring 1998 is relevant to Mr. Dorrance's assertion that he dismissed her from the team in part because of her failure to perform academically, and not in retaliation for any complaints she may have made about him. Thus, that portion of the transcript clearly fits the exception. In fact, the entire transcript may be excepted, because it is unclear whether it was possible to submit an official record of only the academic years Ms. Jennings played under Mr. Dorrance. It is reasonable to assume that if it were possible, Defendants would have done so, rather than submit the entire transcript and then file a motion to seal parts of it. If it is indeed the case that the entire academic transcript is the best educational record available to support the Defendants' defenses, then the entire document may well fit the exception. It is not necessary to decide that issue, because Ms. Jennings has effectively consented to the document's release.

FERPA requires written parental consent for the release of academic records. In considering FERPA, however, it must also be considered that (1) Ms. Jennings is an adult capable of making decisions without parental consent and (2) Ms. Jennings had ample opportunity to respond through counsel to Defendants' motion to seal, whether in support of or against it, but chose to take no position.[3] In this context,

---

3. Ms. Jennings had multiple opportunities to

respond to Defendants' motion: after the mo-

Ms. Jennings' failure to take a position amounts to constructive consent to the release of her final transcript. The importance of a governmental interest for purposes of a right to access analysis may be determined in part by the response of the individual who is affected by disclosure. *See Press–Enterprise Co.*, 464 U.S. at 512 (1984). Because Ms. Jennings took no affirmative action in response to Defendants' motion, and elected to take no position when invited to do so by the court, and because there is a strong presumption in favor of disclosure, there are insufficient grounds to seal the transcript.

Defendants advance no other significant arguments that Ms. Jennings' academic transcript should be sealed, nor do they propose any less restrictive alternative to sealing the entire affidavit and academic record.[4] Therefore, due to (1) the potentially integral nature of the document and the corresponding possibility that it is excepted in its entirety from FERPA, (2) Ms. Jennings' constructive consent to its release, and (3) the leeway this Court has in interpreting federal statutes as evidence of compelling governmental interests, it is concluded that there is no compelling governmental interest sufficient to outweigh the First Amendment right to access. Defendants' motion in regard to Mr. Lanier's affidavit will therefore be DENIED.

### B.

Defendants also argue that several former students who are not parties to the case have a privacy interest in the alleged comments and conversations recounted in the depositions at issue. In support of this assertion, Defendants argue that an individual has a privacy interest in information about her "body, health, and sexual activities" (Defs.' Mem. at 4), and that these particular individuals' privacy interests are heightened by FERPA because they were students at a federally funded institution at the time the alleged comments were made. Courts, including this Court, have recognized an individual's interest in avoiding disclosure of certain personal information. *E.g., Whalen v. Roe*, 429 U.S. 589, 599–600, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977); *Jennings v. UNC*, 240 F.Supp.2d 492, 505 (M.D.N.C.2002). However, "[a]s the first step in determining whether the information sought is entitled to privacy protection, courts have looked at whether it is within an individual's reasonable expectations of confidentiality." *Walls v. City of Petersburg*, 895 F.2d 188, 192 (4th Cir.1990). Cases discussing "informational privacy" have involved employees or potential employees who were forced by an employer to divulge personal information, *e.g., Walls*, 895 F.2d at 190 (financial information), or individuals whose personnel or medical records were in danger of being disclosed, *e.g., Whalen*, 429 U.S. at 591, 97 S.Ct. 869 (prescription drug records).

■ Here, the former students could not have had "reasonable expectations of confidentiality" in the information exchanged by and about them in conversations with team members. *Walls*, 895 F.2d at 192. In many instances, the students themselves were present for and

---

tion was filed on April 19, 2004; in response to the Court's letter of September 8, 2004, soliciting plaintiff's position on the motion; and on the record before the Court on September 21, 2004.

4. Although Defendants' memorandum in support of the motion to seal at one point discusses sealing a "portion" of Ms. Jennings' transcript (Defs.' Mem. at 6), the motion to seal itself and the remainder of the memorandum speak of sealing the entire transcript. Therefore, the motion will be treated as a motion to seal the entire transcript. Neither the motion nor the memorandum discusses why Mr. Lanier's affidavit testimony itself should be sealed.

participating in the conversations. Furthermore, the alleged comments made by Mr. Dorrance about the students' bodies do not constitute "personal information" about the students, but are rather the observations of an individual. This case is not analogous to those where an individual's medical information is divulged against his wishes, or where an employee is threatened with termination if she does not answer personal questions. This is an instance of college students engaged in conversations among themselves, and comments their coach may or may not have made about them. To extend a privacy interest to these conversations and comments would be an impermissible expansion of the interest as defined in past cases.

The existence of FERPA does not heighten the students' privacy interest in these depositions. The information at issue in the depositions is not an "educational record" as defined by FERPA, nor is it the type of information that would be on a FERPA-protected educational record. See 20 U.S.C. § 1232g(a)(4)(A) (defining "educational records" as "those records, files, documents, and other materials which (i) contain information directly related to a student; and (ii) are maintained by an educational agency or institution or by a person acting for such agency or institution"). While some of the information is directly related to students, it was not, and would not have been, part of any documents maintained by the University. The existence of FERPA and the fact that the women were students of a federally funded educational institution at the time the conversations and comments allegedly occurred do not combine to change the fact that the submission of the depositions does not violate the students' right to privacy. It is not clear that a individual's privacy right, even when infringed upon, would amount to a compelling governmental interest. When the right has not been violated, there is clearly no compelling governmental interest in sealing the documents. Therefore, Defendants' Motion to Submit Evidence Under Seal as regards the depositions of Melissa Jennings, Craig Jennings, Martha Jennings, Deborah Keller Hill, Judith Keller, and Ronald Keller will be DENIED.

### III.

For the reasons stated above, Defendant's Motion to Submit Evidence Under Seal the Affidavit of David C. Lanier, and Depositions of Melissa Jennings, Craig Jennings, Martha Jennings, Debbie Keller, Ronald Keller, and Judith Keller [Doc. # 117] will be DENIED.